# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42102

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 349 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 12, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| SHERNNOR AHMEN WILLIAMS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge; Hon. Michael Oths, Magistrate.

District court's intermediate appellate decision affirming judgment of conviction for driving without privileges, affirmed.

Alan Trimming, Ada County Public Defender; John R. Shackelford, Deputy Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Theodore S. Tollefson, Deputy Attorney General, Boise, for respondent.
_____

GUTIERREZ, Judge

Shernnor Ahmen Williams appeals from the district court's memorandum decision and order on intermediate appeal affirming his judgment of conviction for driving without privileges that was entered following a jury trial. Specifically, he contends his due process rights were violated by the magistrate permitting an in-court identification of Williams as the driver because it was based on an officer's unreliable out-of-court identification and by permitting the officer to testify as to the out-of-court identification. He also argues there was insufficient evidence presented that he was the driver and that he knew he did not have driving privileges at the time. For the reasons set forth below, we affirm.

1

# I.

## FACTS AND PROCEDURE

On February 15, 2013, Officer Bateman observed the male driver of a gray 2004 Volkswagen Jetta continually glancing at the officer in his rearview mirror. His suspicions aroused, Officer Bateman ran the license plate number through a records check, which revealed that Williams was the registered owner of the Jetta and that Williams' driving privileges were suspended. Officer Bateman pulled up a photograph of Williams on the computer mounted near his dash and then drove up next to the Jetta in an attempt to determine if the driver was Williams. After approximately six to seven seconds, Officer Bateman determined Williams was the driver based on a comparison to the photograph. Officer Bateman began to slow down to get behind the Jetta, but the driver continued to slow down at the same speed, which the officer interpreted as an obvious sign that the driver did not want the officer to get behind the Jetta. After both the officer and the Jetta slowed nearly to a stop, the driver of the Jetta made a quick right turn into an apartment complex. Officer Bateman was unable to locate the Jetta and driver.

The next day, Officer Bateman called Williams on his cell phone and asked if Williams had been driving the day before. Williams paused for a long time and then stated that he did not remember. The officer arranged to meet Williams in the parking lot of the Idaho State Police Headquarters later that day. When Williams arrived, Officer Bateman again confirmed that Williams was the person he saw driving the Jetta the day before. During the course of their conversation, Williams admitted that his driver's license had been suspended, but that he thought it had been "taken care of." Williams was charged with driving without privileges, Idaho Code § 18-8001.

At trial, Officer Bateman testified to the course of events and identified Williams as the Jetta driver. A records keeper from the Idaho Transportation Department testified that Williams' driver's license was suspended on February 15, 2013, and that Williams was the registered owner of the Jetta. Williams testified and confirmed that he owned the Jetta, but denied that he was driving it on that day.

The jury found Williams guilty as charged. Williams appealed to the district court, which affirmed the conviction. Williams now appeals.

## II.

## ANALYSIS

Williams contends that Officer Bateman's out-of-court identification of him was unreliable and therefore, it was a violation of his right to due process to allow Officer Bateman to identify him as the driver in court and to testify to the officer's out-of-court identification. Williams also contends there was insufficient evidence by which the jury could find that he was the driver and that he knew he did not have driving privileges at the time.

When reviewing the decision of a district court sitting in its appellate capacity, our standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions following therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id*. Thus, we do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or dismiss the decisions of the district court. *Id*.

### A.    Due Process

Williams' due process argument is premised on his assertions that Officer Bateman's use of Williams' driver's license photograph to identify Williams as the driver of the Jetta was overly suggestive and that the totality of the circumstances surrounding Officer Bateman's out-of-court identification of Williams indicates it was unreliable. *See State v. Hoisington*, 104 Idaho 153, 161, 657 P.2d 17, 25 (1983) ("[T]he due process test for suppression of an in-court identification that is allegedly tainted by an impermissibly suggestive out-of-court identification is whether the out-of-court identification was so suggestive that there is a very substantial likelihood of misidentification."). Specifically, Williams argues that the "pre-trial identification process" was overly suggestive because by viewing only the photograph of the registered owner of the vehicle, Officer Bateman was merely confirming his "pre-existing belief that the driver was in fact the registered owner." He analogizes such a "bias-confirming procedure" as "essentially the kind of 'single suspect show-up' that is 'inherently suspect and not generally condoned.'" (citation omitted). He further questions the reliability of the identification, pointing

out it was made after six to seven seconds of Officer Bateman looking sideways at the Jetta driver's side profile while also attempting to navigate his vehicle, the officer's failure to identify any features of the driver beyond those in the registration photograph (such as a hat, sunglasses, facial hair, etc.), and the possibility of racial bias since Williams is black and Officer Bateman is white.

Williams raised the issue of Officer Bateman's identification for the first time on intermediate appeal. The district court declined to address the merits of the issue, noting that Williams had "neither acknowledged that this issue was not raised before the magistrate nor argued that it constituted fundamental error for this identification to have been admitted." On appeal to this Court, Williams makes no mention of this basis for the district court's decision, solely arguing the merits of his due process claim. However, as the State points out, where a basis for the lower court's decision is not challenged on appeal, the appellate court will affirm on that basis. *State v. Goodwin*, 131 Idaho 364, 366, 956 P.2d 1311, 1313 (Ct. App. 1998). We are procedurally bound to affirm or reverse the decisions of the district court, and without any argument or authority from Williams, we will not presume the district court erred.[1]

## B. Sufficiency of the Evidence

Williams also contends the State presented insufficient evidence for the jury to find that he was the driver of the Jetta and that Williams knew at the time that he did not have driving privileges. Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v.*

---

[1] Even if we were to reach the merits of Williams' argument, he cites no authority for his contention that the law pertaining to the reliability of out-of-court identifications applies to Officer Bateman's identification of Williams under the circumstances here. As the State points out, the cases on which Williams relies concern subsequent identifications by a third party. Williams cites to no authority that this case law is equally applicable to an officer's comparison of a suspect to a photograph during the commission of a crime.

*Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

On intermediate appeal, the district court determined there was sufficient evidence presented for the jury to find that Williams was the driver:

> Officer Bateman testified that he saw the Jetta, which was the same model and color as Mr. Williams' vehicle and which had license plates registered to him, affixed to the vehicle. Officer Bateman testified that he was "100 percent" certain that Mr. Williams was driving his vehicle at the time, that he had a clear view of the driver, and that he had just looked at a photograph of Mr. Williams, when making this identification, which was later confirmed when he met Mr. Williams.
> The jury obviously found Officer Bateman's testimony to be credible, and discounted Mr. Williams' testimony that he was not driving . . . .

On appeal, Williams continues to argue that Officer Bateman's identification of him was based on an overly suggestive procedure and the surrounding circumstances indicated the identification was unreliable and therefore did not amount to substantial, competent evidence upon which a rational trier of fact could have relied upon to find Williams was the driver.

Williams' argument is not persuasive. First, as articulated by the district court, in addition to Officer Bateman's identification of Williams as the driver, the jury was also presented with evidence that Williams was the registered owner of the vehicle, a fact which Williams confirmed during his testimony at trial. Second, we will not address the reliability of the officer's identification under the guise of a sufficiency of the evidence argument. As we indicated above, the merits of that claim are not properly before this Court. To the extent that Williams now challenges the credibility of Officer Bateman's testimony, it is axiomatic that we will not substitute our view for that of the trier of fact as to the credibility of the witnesses and the weight to be given to the testimony. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001. Here, as the district court determined, taking into account Officer Bateman's identification and testimony that Williams was the registered owner of the Jetta, there was sufficient evidence presented for the jury to find that Williams was the driver.

In regard to Williams' second sufficiency of the evidence argument, Idaho Code § 18-8001 requires that in order to be guilty of driving without privileges, a defendant must drive "with knowledge" or have "received legal notice . . . that his driver's license, driving privileges

5

or permit to drive is revoked, disqualified or suspended." I.C. § 18-8001(1). The statute provides that a person has the requisite knowledge if:

> (a) He has actual knowledge . . . ; or
> (b) He has received oral or written notice from a verified, authorized source . . .; or
> (c) Notice . . . was mailed pursuant by first class mail to his address . . . and he failed to receive the notice or learn of its contents as a result of his own unreasonable, intentional or negligent conduct or his failure to keep the transportation department apprised of his mailing address . . . ; or
> (d) He has knowledge of, or a reasonable person in his situation exercising reasonable diligence would have knowledge of, the existence of facts or circumstances which, under Idaho law, might have caused the revocation, disqualification or suspension of his [driving privileges].

I.C. § 18-8001(2).

The district court determined that Williams' argument in this regard was without merit:

> As noted by the state, Mr. Williams stated at trial that he knew that the suspension of his driver's license was in effect on December 14, 2012. *See* July 25, 2013 Jury Trial Transcript, at 34 ("And you are aware that the suspension went into effect on your license on December 14th, 2012; is that correct?" "Yes, I do."). While Mr. Williams now contends that this meant that he only knew at the time of the trial that his license was suspended, and not at the time of the offense, the jury could reasonably have inferred that Mr. Williams was stating that he knew that his license was suspended at the time of the offense, as also evidenced by his testimony at trial that he had "been catching taxis and having friends drop me off," at the time of the offense (*see*, *id.*, at 32 ("No, I wasn't driving. I have been catching taxis and having friends drop me off.")) and his actions in apparently trying to avoid being stopped by Officer Bateman.

On appeal to this Court, Williams continues to make the same arguments. We adopt the district court's well-reasoned opinion determining that there was sufficient evidence presented at trial for the jury to find that Williams knew at the time that he did not have driving privileges.

## III.

## CONCLUSION

Williams does not challenge the district court's basis for rejecting his due process argument on intermediate appeal, and thus we affirm on that basis. There was also sufficient evidence for the jury to find that Williams was the driver of the Jetta and that Williams knew at the time he was driving that he did not have driving privileges. The district court's

6

memorandum decision and order affirming Williams' judgment of conviction for driving without privileges is affirmed.

Chief Judge MELANSON and Judge GRATTON, **CONCUR**.