**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40241**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Opinion No. 10 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: February 10, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| RHONDA LEE TRUSDALL, | ) | |
| | ) | |
| Defendant-Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Valley County. Hon. Michael R. McLaughlin, District Judge. Hon. Henry Boomer, Magistrate.

Order of the district court reversing the magistrate's decision denying the motion to dismiss and remanding the case for withdrawal of guilty pleas and dismissal of charges, <u>reversed</u>.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for appellant. Lori A. Fleming argued.

Nevin, Benjamin, McKay & Bartlett LLP; Jeffrey Brownson, Boise, for respondent.

_____

GRATTON, Judge

The State appeals from the district court's appellate decision vacating Rhonda Lee Trusdall's conditional guilty plea to misdemeanor driving under the influence (DUI), Idaho Code § 18-8004, and transportation of an alcoholic beverage, I.C. § 23-505. We reverse.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Trusdall was operating a Polaris Ranger in a church parking lot, spinning the vehicle in circles. The six children in the vehicle with Trusdall were not wearing helmets. The officer that stopped Trusdall observed a half-empty beer in a cup holder and smelled the odor of an alcoholic beverage on her breath. Trusdall failed field sobriety tests, and a breath test revealed a blood alcohol content of .169 and .164.

1

The State charged Trusdall with DUI, transporting an open container, injury to children, and failure to carry a driver's license. Trusdall filed a motion to dismiss the DUI charge. She argued that the DUI statute, I.C. § 18-8004, did not apply because a Polaris Ranger is a utility type vehicle[1] (UTV) and is not a "motor vehicle" for purposes of the DUI statute. Trusdall also argued that I.C. § 67-7114, which specifically prohibits driving a UTV while intoxicated, barred the State from charging her under I.C. § 18-8004. The magistrate denied the motion to dismiss. The State filed an amended complaint adding to Trusdall's charges reckless driving, malicious injury to property, and six counts of injury to a child and permitting a minor to ride upon a UTV without a helmet. Trusdall entered a conditional guilty plea to DUI and transporting an open container. The State dismissed her other charges. The magistrate entered an order withholding judgment and Trusdall timely appealed. On appeal, the district court reversed the magistrate's decision denying the motion to dismiss and remanded the case with instructions to withdraw Trusdall's guilty pleas and to dismiss her charges. The State timely appeals.

## II.

## ANALYSIS

When reviewing the decision of a district court sitting in its appellate capacity, our standard of review is the same as expressed by the Idaho Supreme Court:

> The Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

*Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.3d 214, 217-18 (2013) (quoting *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012)). Thus, the appellate courts do not review the decision of the magistrate court. *Bailey*, 153 Idaho at 529, 284 P.3d at 973. Rather, we are procedurally bound to affirm or reverse the decisions of the district court. *State v. Korn*, 148 Idaho 413, 415 n.1, 224 P.3d 480, 482 n.1 (2009). The district court reversed the magistrate's decision, reasoning that a UTV is not a motor vehicle under the DUI statute and the UTV-specific DUI statute precluded the State from charging Trusdall under the general DUI statute.

---

[1] *See* Idaho Code § 67-7101(17).

2

**A.     A Utility Type Vehicle is a Motor Vehicle**

The State claims the district court erred by holding that a UTV is not a motor vehicle for purposes of I.C. § 18-8004. This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. *Id.* It is incumbent upon a court to give an ambiguous statute, an interpretation which will not render it a nullity. *Id.* Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

Additionally, if a criminal statute is ambiguous, the rule of lenity applies and the statute must be construed in favor of the accused. *State v. Morrison*, 143 Idaho 459, 461, 147 P.3d 91, 93 (Ct. App. 2006). However, where a review of the legislative history and underlying public policy makes the meaning of the statute clear, the rule of lenity will not apply. *State v. Bradshaw*, 155 Idaho 437, 440, 313 P.3d 765, 768 (Ct. App. 2013). If the ambiguity remains after examining the text, context, history, and policy of the statute, the interpretive tie between the two or more reasonable readings is resolved in favor of the defendant. *Id.* at 440-41, 313 P.3d at 768-69.

Idaho Code § 18-8004(1)(a) provides in relevant part:

> It is unlawful for any person who is under the influence of alcohol . . . to drive or be in actual physical control of a motor vehicle within this state, whether upon a highway, street or bridge, or upon public or private property open to the public.

3

In defining "motor vehicle," for purposes of I.C. § 18-8004, the Idaho Supreme Court has relied on I.C. § 49-123(2)(g). *State v. Barnes*, 133 Idaho 378, 381, 987 P.2d 290, 293 (1999). Barnes was charged under I.C. § 18-8004 for driving a snowmobile on a highway while intoxicated. Barnes argued the vehicle was not a motor vehicle for purposes of the DUI statute because snowmobiles were treated differently under Title 49. The Court determined Barnes' argument to be without merit and held that snowmobiles are motor vehicles because they are self-propelled vehicles.[2] *Barnes*, 133 Idaho at 381, 987 P.2d at 293. However, the legislature has since amended I.C. § 49-123(2)(g), adding the following emphasized language to the statute:

> Motor vehicle. Every vehicle which is self-propelled, and *for the purpose of titling and registration meets federal motor vehicle safety standards as defined in section 49-107, Idaho Code. Motor vehicle does not include* vehicles moved solely by human power, electric personal assistive mobility devices and motorized wheelchairs *or other such vehicles that are specifically exempt from titling or registration requirements under title 49, Idaho Code.*[3]

(Emphasis added.) Trusdall argues UTVs are not motor vehicles because a UTV does not meet the federal motor vehicle safety standards. In other words, Trusdall contends that the amendment narrowed the definition of motor vehicle by requiring not only that it be self-propelled, but also that it meet federal motor vehicle standards. The State concedes that UTVs do not meet the federal standards, but argues the plain language indicates the standards narrow the definition of "motor vehicle" only for titling and registration purposes.[4] Thus, the State contends that the amendment did not otherwise modify the definition of motor vehicle as that which is "self-propelled."

The plain language of I.C. § 49-123(2)(g) continues to define motor vehicles as every vehicle which is self-propelled. The requirement that a vehicle meet the federal standards applies only "for the purpose of titling and registration." This conclusion is supported by other definitions in Title 49 that specifically use "for the purpose of" language to delimit specific

---

[2]     Idaho Code § 49-123(2)(a) provides the general definition of "vehicle" which is a "device in, upon, or by which any person or property is or may be transported or drawn upon a highway . . . ."

[3]     *See* 2008 Idaho Sess. Laws, ch. 198, § 4, pp. 636, 638.

[4]     Trusdall's argument that the State failed to raise the plain language argument below is belied by the record.

requirements for specific purposes.[5] *See* I.C. § 49-108(2), (3); I.C. § 49-116(3); I.C. § 49-117(7)(a), (7)(b)(iv), (13); I.C. § 49-123(2)(c), (2)(h), (2)(j), (2)(k).[6] Additionally, it "is incumbent upon a court to give effect to all the words and provisions of the statute so that none will be void, superfluous, or redundant." *State v. Wright*, 154 Idaho 157, 159, 295 P.3d 1016, 1018 (Ct. App. 2013). Adopting Trusdall's interpretation would make the "self-propelled" and "for the purposes of titling and registration" language superfluous because the language is unnecessary if the legislature simply intended to define a motor vehicle as that which meets federal motor vehicle safety standards. The UTV Trusdall operated is a motor vehicle because it is self-propelled. *See Barnes*, 133 Idaho at 381, 987 P.2d at 293.

**B.    Idaho Code § 18-8004 and I.C. § 67-7114 are Harmonious**

The State claims that the district court also erred by concluding the UTV-specific DUI statute barred prosecution under the general DUI statute. Trusdall contends the statutes conflict and the legislature intended that driving a UTV while intoxicated would be prosecuted under I.C. § 67-7114 because it specifically criminalizes the operation of a UTV while intoxicated.

> The rule that statutes *in pari materia* are to be construed together means that each legislative act is to be interpreted with other acts relating to the same matter or subject. Statutes are *in pari materia* when they relate to the same subject. Such statutes are taken together and construed as one system, and the object is to carry into effect the intention. It is to be inferred that a code of statutes relating to one subject was governed by one spirit and policy, and was intended to be consistent and harmonious in its several parts and provisions. For the purpose of learning the intention, all statutes relating to the same subject are to be compared, and so far as still in force brought into harmony by interpretation.

---

[5]    For example, Idaho Code § 49-117(7)(a) defines "Person" as:

> every natural person, firm, fiduciary, copartnership, association, corporation, trustee, receiver or assignee for the benefit of creditors, political subdivision, state or federal governmental department, agency, or instrumentality, *and for the purposes of* chapter 22 of this title shall include a private, common or contract carrier operating a vehicle on any highway of this state.

(Emphasis added.)

[6]    We consider these additional provisions that comprise Chapter 1, Title 49, because legislative "intent should be derived from a reading of the whole act at issue." *St. Luke's Reg'l Med. Ctr., Ltd. v. Bd. of Comm'rs of Ada Cnty.*, 146 Idaho 753, 755, 203 P.3d 683, 685 (2009).

*Barnes*, 133 Idaho at 382, 987 P.2d at 294 (quoting *Grand Canyon Dories v. Idaho State Tax Comm'n*, 124 Idaho 1, 4, 855 P.2d 462, 465 (1993)). "However, where two statutes appear to apply to the same case or subject matter, the specific statute will control over the more general statute." *Barnes*, 133 Idaho at 382, 987 P.2d at 294. Where a defendant's conduct falls under two criminal statutes that are harmonious, a prosecutor has discretion to charge under either statute. *Id.* (citing *State v. Vetsch*, 101 Idaho 595, 596, 618 P.2d 773, 774 (1980)).

In *Barnes*, it was argued that the statute prohibiting operation of a snowmobile while intoxicated, former I.C. §67-7110(2), was in conflict with the general DUI statute. Barnes claimed that because the snowmobile statute was more comprehensive and narrow, it controlled. The Idaho Supreme Court held that, under the doctrine of *in pari materia*, driving a snowmobile on a public roadway while intoxicated is covered by both I.C. § 18-8004 and former I.C. § 67-7110(2) and there was no conflict between the statutes, which gave the State discretion to prosecute under either statute. *Barnes*, 133 Idaho at 382, 987 P.2d at 294. The Court noted that the snowmobile statute and the DUI statute related to the same subject matter, but were specific in different ways. The statute prohibiting operating a snowmobile while intoxicated was specific to the type of vehicle operated, while the general DUI statute was specific about where the vehicle is operated and what constitutes intoxication. These distinctions made the statutes harmonious, and because the snowmobile was operated on a highway, the prosecutor had discretion to charge under either statute. *Id.* at 383-84, 987 P.2d at 295-96.

Both I.C. § 18-8004 and I.C. § 67-7114, deal with the subject of operating a vehicle while intoxicated. Idaho Code § 67-7114 provides:

> Any person driving or operating a snowmobile, motorbike, utility type vehicle, specialty off-highway vehicle or all-terrain vehicle under the influence of alcohol, drugs or any other intoxicating substance on a public roadway or highway or off-highway shall be guilty of a misdemeanor.

As in *Barnes*, the statutes are in harmony because I.C. § 18-8004 and I.C. § 67-7114 are specific in different respects. Idaho Code § 67-7114 is specific to the types of motor vehicles a driver is prohibited from operating while intoxicated, and I.C. § 18-8004 is specific as to where the vehicle is operated and what constitutes intoxication. The general DUI statute includes a showing of intoxication with a blood alcohol content of 0.08 whereas, the UTV statute does not.

In holding the UTV-specific statute controlled, the district court relied on *State v. Callaghan*, 143 Idaho 856, 153 P.3d 1202 (Ct. App. 2006). In *Callaghan*, the defendant was

6

charged with offering a forged insurance certificate to avoid a no-insurance ticket. The State charged the defendant under I.C. § 18-3203, which makes it a felony to offer a false or forged instrument for filing or recording. The defendant argued that because offering a forged proof of insurance was covered by I.C. § 49-1430, the two statutes were not harmonious and that the more specific statute controlled. This Court held that because I.C. § 49-1430 was enacted to make it a misdemeanor to offer a forged certificate of insurance, the legislature left no room for prosecutorial discretion. *Callaghan*, 143 Idaho at 859, 153 P.3d at 1205. However, we specifically noted that the general statute was adopted in 1887--before the advent of automobiles. On the other hand, the statute prohibiting offering a forged proof of insurance was enacted as part of a comprehensive statutory scheme dealing with automobile insurance. The context of the statutes' enactments and the particular subject matter and specificity of the more recently-enacted statute, established the legislature's intent was to treat offering forged proof of insurance as a crime under I.C. § 49-1430.

Unlike the statutes in *Callaghan*, the legislature's intent for the DUI statutes continues to function as part of a comprehensive scheme to prevent operating vehicles while intoxicated. In *Barnes*, the Idaho Supreme Court favorably quoted a concurring opinion of the Michigan Supreme Court that explained the public policy behind the general and specific DUI statutes:

> [W]hen reviewing the evil attempted to be penalized by the statutes, the [D.U.I.] statute is intended to prevent accidents and hazards on the state's highways caused by the improper conduct of intoxicated drivers. However, the snowmobile act is an attempt to regulate snowmobiles in the general operations and registration. . . . Furthermore, the two statutes are each directed toward discrete ends, i.e., safe snowmobile operation as differentiated from preservation of highway safety from hazards posed by drunk drivers. The different, and perhaps more exalted legislative concern attached to the dangers of drunk driving becomes apparent by a comparison of the penalty provisions of the two offenses in question. Violation of the snowmobile offense carries the usual penalties for a misdemeanor, but the [D.U.I.] statutory scheme carries a more detailed, complex penalty provision specifically tailored to address the enormity of the danger posed by drunk driving, the need to deter offenders and to protect the public, and the unique problems of repeat offenders. These concerns are not implicated to any corresponding degree by the Legislature's expressed concern to regulate snowmobile operation. We see no reason why the policy concerns underlying the [D.U.I.] statute should be deemed inapplicable when [a D.U.I.] offense is committed with a snowmobile.

7

*Barnes*, 133 Idaho at 383, 987 P.2d at 295 (quoting *People v. Rogers*, 475 N.W.2d 717, 724-25 (Mich. 1991) (Brickley, J., concurring)).  This reasoning equally applies to the operation of a UTV while intoxicated.  Idaho Code § 67-7114 is designed to regulate the safe operation of UTVs (among other vehicles).  Idaho Code § 18-8004 is designed to protect the public from the extreme danger presented by intoxicated drivers.  Thus, the statutes function in harmony to achieve discrete ends.  Trusdall operated a UTV in a church parking lot that was open to the public.  Her conduct fell within the general DUI statute and the prosecutor had discretion to charge Trusdall under I.C. § 18-8004.

## III.
## CONCLUSION

A UTV is a motor vehicle for purposes of I.C. § 18-8004, and because the general DUI statute is in harmony with the UTV-specific DUI statute, the State properly charged Trusdall under I.C. § 18-8004.  Therefore, we reverse the district court's decision.

Judge LANSING and Judge MELANSON **CONCUR.**