# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43207

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 758 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 11, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MICHAEL A. ROWLEY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Michael R. Crabtree, District Judge. Hon. Rick L. Bollar, Magistrate.

Order of the district court, on intermediate appeal from the magistrate, affirming judgment of conviction for possession of drug paraphernalia, <u>affirmed</u>.

Dennis Byington, Cassia County Public Defender; Hyrum T. Hibbert, Deputy Public Defender, Burley, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Chief Judge

Michael A. Rowley appeals from an intermediate appellate order of the district court affirming Rowley's judgment of conviction for possession of drug paraphernalia. Rowley argues that the magistrate erred in denying his motion to suppress. For the reasons set forth below, we affirm.

An officer initiated a traffic stop of Rowley's vehicle for a traffic lane violation. During the stop, the officer searched Rowley and discovered drug paraphernalia. Rowley filed a motion to suppress, arguing that the officer lacked reasonable suspicion to conduct the traffic stop. The magistrate denied Rowley's motion. Rowley entered a conditional plea of guilty to possession of

1

drug paraphernalia. I.C. § 37-2734A(1). Rowley appealed to the district court, which affirmed the magistrate's denial of Rowley's motion to suppress. Rowley again appeals.

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id*. Thus, the appellate courts do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or reverse the district court's decision. *Id*.

Rowley argues that the magistrate's findings that he was swerving within his traffic lane and had crossed the fog line were not supported by substantial evidence. Specifically, he asserts that the officer showed an "imperfect recall of the incident" and that the dashboard video did not support the officer's testimony. Thus, Rowley contends that the magistrate's denial of his suppression motion was based on clearly erroneous factual error because it believed a "fallible" human over an "exacting" camera.

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id*. An officer may draw reasonable inferences from facts in his or her possession,

and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

At the motion to suppress hearing the following evidence was presented. The officer testified that he had observed Rowley's vehicle "swerving within its lane very noticeably," that it was not very windy that day, and that the vehicle clearly "crossed over the white fog line with the right passenger side tires." The officer also testified that he was behind Rowley for "a minute or so" and, at some point prior to the traffic stop, he initiated the dashboard camera, which had a recording delay of thirty seconds to one minute. The magistrate reviewed the dashboard video.

Here, Rowley's argument rests on the claim that the officer's testimony is not supported by the dashboard video. Notably, the dashboard video is not a part of the record before this Court. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991). However, even without the video, we can conclude that there is no clear conflict between the officer's testimony and the video because the officer's testimony establishes that the dashboard video did not capture everything observed by the officer due to the recording delay.

This Court will not substitute its view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Flowers*, 131 Idaho at 207, 953 P.2d at 647. Rowley has failed to meet his burden to demonstrate that the magistrate's findings that Rowley's vehicle swerved within its traffic lane and crossed the fog line were clearly erroneous and not supported by substantial evidence. Therefore, we hold that the magistrate did not err in denying Rowley's motion to suppress. Accordingly, the district court's order affirming Rowley's judgment of conviction for possession of drug paraphernalia is affirmed.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.