# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42848

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Opinion No. 86 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: December 23, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BRIAN W. PIERCE, | ) | |
| | ) | |
| Defendant-Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. D. Duff McKee, District Judge. Hon. Dayo O. Onanubosi, Magistrate.

Order of the district court, on intermediate appeal from the magistrate, vacating judgment of conviction for violating a domestic violence protection order, affirmed.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for appellant.

Tera Harden, Canyon County Public Defender; Marc Bybee, Deputy Public Defender, Caldwell, for respondent.

---

MELANSON, Chief Judge

The state appeals from the district court's order on intermediate appeal vacating Brian W. Pierce's judgment of conviction for violating a domestic violence protection order. For the reasons set forth below, we affirm.

The facts of this case are not disputed. Pierce and his ex-wife were in litigation over issues related to their divorce. The magistrate ordered that the house the parties had been living in was Pierce's separate property, but his ex-wife and her children, who were not Pierce's biological children, continued to live in the house without Pierce. On May 10, 2013, water service to the house was terminated by a utility provider, allegedly at Pierce's request. On May 16, the magistrate entered a domestic violence protection order, providing in relevant part:

*Personal Conduct Order*: [Pierce] shall not harass, annoy, disturb the peace of, telephone, contact, or otherwise communicate with (either directly or indirectly, in person or through any other person):
> The protected person [and]
> The minor children residing in the Protected Person's household.

There is no dispute that this order was entered and served on Pierce and that he was aware of it. On May 31, electrical service to the house was terminated by a utility company. The state alleged that Pierce called the electrical power company to terminate service, violating the protection order. Accordingly, Pierce was charged with violating the protection order, I.C. § 39-6312. The amended complaint alleged, in relevant part:

> That the Defendant, Brian W. Pierce, on or between the 8th of May, 2013, and the 1st day of June, 2013, in the County of Canyon, State of Idaho, did willfully violate the Temporary Domestic Violence Protection Order . . . by turning off the utilities at the residence where [Pierce's ex-wife] and her children were residing, which disturbed the peace of [Pierce's ex-wife] and her minor children, with the knowledge that the Domestic Violation Protection Order prohibits him from doing so.
> All of which is contrary to Idaho Code, Section 39-6312 and against the power, peace and dignity of the State of Idaho.

A jury found Pierce guilty of violating the protection order. Pierce filed a post-trial motion for acquittal under Idaho Criminal Rule 29, which was denied. Pierce appealed to the district court, which vacated his judgment of conviction on the grounds that the state failed to provide evidence at trial that Pierce's termination of the electrical service constituted disturbing the peace, as alleged in the criminal complaint. The state appeals.

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id*. Thus, the appellate courts do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App.

2014). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id*.

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

The protection order here provided a list of acts that Pierce was prohibited from engaging in with regard to his ex-wife and her children. The list provided that Pierce was not to "harass, annoy, disturb the peace of, telephone, contact, or otherwise communicate" with his ex-wife or her children. Performing any one of those prohibited acts would constitute a violation of the protection order. In this case, the state made the decision to charge Pierce with violating the protection order in a very specific way--by disturbing the peace of Pierce's ex-wife and her children.

On appeal to the district court, Pierce alleged that the magistrate erred in denying his Rule 29 motion for acquittal because the state had provided insufficient evidence at trial for the jury to find that Pierce violated the protection order by disturbing the peace, as defined in I.C. § 18-6409. The district court agreed with Pierce and vacated his judgment of conviction for violating the protection order, holding that:

> In my view, there is no way the circumstances described by the evidence should or could constitute a crime under the criminal statute, and therefore they could not form the basis for a charge of breach of the protective order by disturbing the peace. There is no other clause or part of the protective order that comes into play, and the state had not alleged any. The case should not have survived the Rule 29 motions. . . .

3

The state alleges that the district court erred in vacating Pierce's judgment of conviction because the state was not required to prove elements of a crime it did not charge. The state further alleges that it met its burden at trial of proving evidence that Pierce disturbed the peace of his ex-wife and her children, in a general sense, by terminating electrical service to their residence. Idaho Code Section 18-6409(1) defines actions that constitute disturbing the peace and provides:

> Every person who maliciously and willfully disturbs the peace or quiet of any neighborhood, family or person, by loud or unusual noise, or by tumultuous or offensive conduct, or by threatening, traducing, quarreling, challenging to fight or fighting, or fires any gun or pistol, or uses any vulgar, profane or indecent language within the presence or hearing of children, in a loud and boisterous manner, is guilty of a misdemeanor.

It is undisputed that the state did not provide evidence at trial that Pierce engaged in acts constituting disturbing the peace, as prohibited by I.C. § 18-6409. The issue on appeal is whether the district court erred in interpreting the phrase "disturb the peace," from the protection order and criminal complaint, as specific acts enumerated in I.C. § 18-6409 or whether the phrase, in the context of the protection order, must be interpreted in a general, common language manner.

The state does not provide a common usage definition of "disturb the peace" in its briefing. We suspect this is because the term "disturb the peace" is not one that is commonly used in everyday English language. Accordingly, the phase cannot be imparted a common meaning, as the state suggests. Rather, the phrase is a legal term used to describe specific prohibited conduct. In Idaho, the prohibited conduct constituting disturbing the peace is defined by statute. In I.C. § 18-6409 as quoted above, the legislature of Idaho has provided guidance regarding specific conduct that constitutes disturbing the peace. It is undisputed that the state did not provide evidence at trial that Pierce disturbed the peace of his ex-wife and her children, within the meaning of I.C. § 18-6409. Accordingly, he could not have been found guilty of violating the protection order by disturbing the peace, as charged. Therefore, we affirm the district court's order on intermediate appeal vacating Pierce's judgment of conviction for violating a domestic violence protection order.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.