IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 42482

| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 764 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 23, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| GEORGE WILLIAM TISCHER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Blaine County.  Hon. Robert J. Elgee, District Judge; Hon. Jason D. Walker, Magistrate.

Decision of the district court on intermediate appeal from the magistrate, affirmed.

George W. Tischer, Ketchum, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

This is an appeal from the district court sitting in its appellate capacity.  George William Tischer appeals from the district court decision affirming the judgment of the magistrate finding that Tischer committed the infraction of failure to yield to a pedestrian in a crosswalk, Idaho Code § 49-702(1).  For the reasons set forth below, we affirm.

I.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Tischer was issued an infraction citation for violation of Idaho Code § 49-702.  Tischer was cited for failure to yield to a pedestrian crossing the street in a crosswalk.  A court trial was held, and the State's witness was Hailey Police Officer Cox who issued the citation.  Officer Cox was on patrol when he observed a pedestrian crossing Main Street, through a crosswalk, in Hailey, Idaho.  He testified that he and other drivers stopped at the crosswalk, but that Tischer's vehicle approached the intersection and did not come to a complete stop until it was in the

crosswalk and the pedestrian was right in front of the vehicle. Officer Cox observed the pedestrian throw her hands up in the air and appear to yell at Tischer, and that Tischer proceeded through the intersection while the pedestrian was still in the crosswalk. Officer Cox initiated a traffic stop and issued the citation to Tischer.

Tischer appeared pro se at the trial. Tischer testified that he observed the pedestrian in the crosswalk and that he came to a complete stop. He testified that he did not proceed through the crosswalk until after the pedestrian waved her hands at him, in what he believed was a signal for him to proceed through the crosswalk ahead of her. Tischer was found guilty of violating I.C. § 49-702(1) and a judgment was entered. The magistrate stated on the record that there were conflicting facts, but that it was clear that Tischer did not yield to the pedestrian because regardless of whether the pedestrian signaled to him or not, Tischer drove through the intersection without allowing the pedestrian to proceed through the crosswalk first. The magistrate stated that its decision was based on Tischer's own testimony. The magistrate also stated that it would not make a finding that when the pedestrian threw her hands in the air that she intended to indicate that the vehicle should proceed through the intersection ahead of her.

Tischer appealed to the district court. The district court affirmed the judgment of the magistrate because the magistrate's finding of guilt was supported by substantial and competent evidence and that no error had been shown in the magistrate's finding. Tischer appears pro se in the appeal to this Court.

## II.
### STANDARD OF REVIEW

When reviewing the decision of a district court sitting in its appellate capacity, our standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id*. Thus, we do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or reverse the decisions of the district court. *Id*.

2

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

## III.

## ANALYSIS

At issue in this appeal is the magistrate's finding that Tischer violated Idaho Code § 49-702(1). That code section provides:

> When traffic-control signals are not in place or not in operation the driver of a vehicle shall yield the right-of-way, slowing down or stopping, if need be, to yield to a pedestrian crossing the highway within a crosswalk.

I.C. § 49-702(1). A violation of this code section is an infraction pursuant to Idaho Code § 49-236(2). On appeal, Tischer argues that there is not substantial and competent evidence to support the magistrate's findings and that the magistrate erred by failing to properly consider all the testimony at trial. Tischer does not argue on appeal that the district court erred in affirming the magistrate decision; rather, he asserts the same arguments as presented to the district court in the direct appeal.

The record supports the magistrate's finding that Tischer violated I.C. § 49-702(1). The testimony of both Officer Cox and Tischer indicate that while Tischer did come to a complete stop, he did not yield to the pedestrian before proceeding through the intersection. In addition, the magistrate determined that when the pedestrian put her arms in the air, that it was not with the intention of signaling to Tischer that he should proceed ahead of her through the intersection. The magistrate is responsible for assessing the credibility of the witnesses, determining the weight to be given to the testimony, and deciding what reasonable inferences to be drawn from the evidence. We will not substitute our judgment for that of the magistrate, and we conclude

that the record supports the magistrate's determination that Tischer violated I.C. § 49-702(1). We affirm the district court's decision affirming the magistrate's finding that Tischer committed the infraction.

## IV.

## CONCLUSION

For the reasons set forth above, we affirm the magistrate's finding that Tischer violated Idaho Code § 49-702(1). The magistrate's finding of guilt is supported by substantial and competent evidence, and we uphold the district court's order affirming the judgment.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.