**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43825**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 632** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  August 4, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JUAN J. CARMONA,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Gerald F. Schroeder, District Judge.  Hon. Kevin Swain, Magistrate.

Order of the district court, on intermediate appeal from the magistrate, affirming judgment for failing to park within eighteen inches of a curb, <u>affirmed</u>.

Juan J. Carmona, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before MELANSON, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

Juan J. Carmona appeals from the district court's order on appeal from the magistrate's finding that Carmona committed the infraction of failing to park within eighteen inches of a curb. For the reasons set forth below, we affirm.

Carmona was cited for failing to park within eighteen inches of a curb.  Boise City Code Section 10-11-06(A).  After a bench trial, the magistrate found that Carmona had committed the infraction.  Carmona appealed to the district court, arguing that all parking in the area where Carmona was cited should have been prohibited because it was a bike lane.  The district court

1

affirmed the magistrate, holding that admitting to parking in a bike lane is not a defense to the charge of failing to park within eighteen inches of the curb.

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id*. Thus, the appellate courts do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id*.

According to photographs and witness testimony in the record, the area where Carmona was parked consisted (from the outer edge to the center of the road) of a curb, a parallel parking area, a bike lane, and the roadway. The roadway was separated from the bike lane by a solid white line. However, the bike lane and parking area were not separated by a line. Carmona argues that, because the parking area and bike lane were not separated by a white line, the entire area between the roadway and curb was a bike lane. Carmona cites to the Idaho driver's manual and the Idaho Bicycle and the Pedestrian Transportation Plan in support of his position. The Idaho driver's manual provides that a motor vehicle is not to be parked in a bike lane. The transportation plan provides that bike lanes in excess of six feet are undesirable as they may be mistaken for a parking area. We note that neither the driver's manual nor the transportation plan are binding legal authority and are not relevant here. Carmona has cited no authority for the proposition that a bike lane and parking area must be separated by a white line or that failure to separate the areas renders the entire area a bike lane. Accordingly, we hold that the district court did not err in upholding the magistrate's finding that the contested area was a bike lane and a separate parking area was supported by substantial and competent evidence.

Carmona argues, as he did to the magistrate and district court, that he should have been cited for parking in a bike lane rather than failing to park within eighteen inches of the curb. We

are not persuaded by Carmona's argument. It is uncontested that Carmona was parked approximately five feet from the curb. It is also clear from the record that Carmona was parked in a way that blocked the bike lane. Carmona has cited no authority for the proposition that citations for parking in a bike lane and failing to park within eighteen inches of the curb are mutually exclusive. Furthermore, Carmona cited no authority for the proposition that, when an individual parks a vehicle in a way that blocks a bike lane and is simultaneously parked more than eighteen inches from the curb, the individual must be cited for blocking the bike lane rather than failing to park within eighteen inches of the curb. Even when parked in a bike lane, the vehicle must be within eighteen inches of the curb in order for an individual to avoid being guilty of both infractions. Here, the record indicates that Carmona was guilty of both parking violations and could have been cited for both. However, Carmona was only cited for failing to park within eighteen inches of the curb.

Based upon witness testimony, photographs of Carmona's vehicle, and Carmona's own admission, there was substantial and competent evidence to support the magistrate's finding that Carmona failed to park within eighteen inches of the curb. Accordingly, the district court's order, on intermediate appeal from the magistrate, is affirmed.