**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44504**

| | |
|---|---|
| STATE OF IDAHO, | ) 2017 Unpublished Opinion No. 601 |
| | ) |
| Petitioner-Appellant, | ) Filed: September 29, 2017 |
| | ) |
| v. | ) Karel A. Lehrman, Clerk |
| | ) |
| GUSTAVO CHAVEZ 2ND, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Respondent. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge. Hon. Stephen J. Clark and Hon. Penny Stanford, Magistrates.

Decision of the district court, on intermediate appeal from the magistrate, reversing the magistrate's evidentiary rulings, vacating judgment of conviction, and remanding the case, affirmed.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for appellant. Russell J. Spencer argued.

Bonneville County Public Defender; Jordan S. Crane, Boise, for respondent. Tyler Salvesen argued.

_____

HUSKEY, Judge

The State of Idaho appeals from the district court's intermediary appellate decision finding the magistrate abused its discretion. The State argues the district court erred in two ways when it reversed the magistrate. First, the State claims the district court erred when it reversed the magistrate's ruling which excluded the evidence from the Administrative License Suspension (ALS) hearing; second, the State contends the district court erred when it reversed the magistrate's ruling which precluded testimony regarding Chavez's friend's presence at the ALS hearing. Because the district court did not err, we affirm the decision of the district court.

1

## FACTUAL AND PROCEDURAL BACKGROUND

The district court's findings of fact have not been shown to be erroneous and we adopt them on appeal. The facts and procedural history are summarized as follows:

After consuming alcohol, Gustavo Chavez was traveling home from a social gathering in his truck. Chavez claimed a friend was driving his truck. After only a few blocks, Chavez's truck slid off the road. In addition, the truck had run out of gas. The temperature was below freezing and Chavez decided to knock on the door of a nearby home to borrow a phone. Chavez claimed his friend walked back to the social gathering.

Chavez knocked on the door of a home and was invited inside by the homeowner. Chavez was allowed to use the homeowner's cell phone. Chavez called a close friend or a family member and asked to be picked up. Chavez told the friend or family member to hurry up because Chavez would be in a lot of trouble if the police came. The homeowner observed that Chavez's eyes were bloodshot, his speech was slurred, and he smelled of alcohol. As a result, the homeowner called the police.

Chavez attempted to leave the home, but the homeowner did not allow it. The police arrived shortly afterwards and observed visible signs that Chavez was intoxicated. The police confirmed that Chavez's truck was out of gas, and then arrested Chavez for driving under the influence of alcohol.

The Idaho Transportation Department subsequently suspended Chavez's driver's license. Chavez opposed the suspension of his license at an ALS hearing. A hearing officer presided over the ALS hearing. At the hearing, Chavez's friend appeared and testified that he had been driving Chavez's truck on the night of the arrest. The hearing officer did not ask questions of Chavez's friend, although the hearing officer had the opportunity to do so. The hearing officer was unpersuaded by the friend's testimony and upheld the suspension of Chavez's license.

The State charged Chavez with misdemeanor driving under the influence of alcohol, Idaho Code § 18-8004. At trial, Chavez attempted to call his friend to testify about the night of Chavez's arrest. However, Chavez's friend was unavailable to testify at trial. Chavez next moved to admit into evidence the transcript from the ALS hearing which contained Chavez's friend's testimony. The State opposed the motion and the magistrate heard arguments on the issue. Chavez acknowledged the ALS transcript was hearsay, but claimed it was admissible on

the grounds that the declarant was unavailable and the testimony satisfied the Idaho Rules of Evidence 804(b)(1) hearsay exception. The magistrate granted the State's motion to exclude the transcript from the ALS hearing on the grounds that no cross-examination occurred. The magistrate explained:

> Well, folks, as I announced in chambers, certainly some of the requirements under Rule 804 are made--are met to bring in testimony from the ALS hearing by this witness who now cannot be found for whatever reason. The problem is, there was no--it was--it was former testimony, it was made under oath, and there was no cross-examination. Questions which may or may not have been asked by the hearing officer are not cross-examination. And so for that testimony to come in, there would have had to have been cross-examination. There wasn't here. And so I respectfully will grant the motion in limine and decline the request to bring in the transcript from the ALS hearing.

After the magistrate issued its decision regarding the ALS hearing transcript, Chavez requested that he be allowed to testify that there was an ALS hearing and Chavez's friend was present at the hearing. Chavez wanted to testify that his friend was at the ALS hearing in order to show that the friend actually existed. According to Chavez, this was important because Chavez's testimony at trial would indicate that Chavez's friend drove the truck. The magistrate expressed concerns that any mention of Chavez's friend in relation to the ALS hearing would only be a "backdoor" way to introduce the friend's testimony from the ALS hearing. The magistrate precluded Chavez from testifying that Chavez's friend attended the ALS hearing.

Despite the magistrate's ruling, Chavez nonetheless mentioned his friend's presence at the ALS hearing during trial. During the State's cross-examination, Chavez mentioned that his friend testified under oath that he had been the one driving on the night of the arrest. The State objected and requested that Chavez's testimony be stricken. The magistrate granted the State's request, but did not instruct the jury to disregard Chavez's stricken testimony. Subsequently, during deliberations the jury sent a note to the magistrate inquiring about the testimony of Chavez's friend. In response, the magistrate returned a note stating the jury may only consider testimony that was given at trial. After more consideration, the magistrate determined the first note was insufficient, and sent a second note explaining: "the answer referring to testimony by [Chavez's friend] was stricken, and you may not consider such testimony."

At the end of trial, the jury found Chavez guilty of operating a motor vehicle while under the influence of alcohol. Chavez appealed to the district court, claiming the magistrate erred in not admitting the ALS hearing transcript under the former testimony exception of

3

I.R.E. 804(b)(1) and in not allowing Chavez to testify that he had witnessed his friend at the ALS hearing in order to show the jury that the friend existed.

The district court ruled the magistrate abused its discretion in ruling on the admissibility of the ALS transcript because the magistrate used the wrong legal standard and the district court could not say the error was harmless. The district court remanded the issue of the ALS hearing transcript back to the magistrate to consider pursuant to I.R.E. 804(b)(1). Additionally, the district court found it was arguably relevant that Chavez's friend was present at the ALS hearing, and this evidence had a legitimate purpose. The district court reversed the magistrate's evidentiary rulings, vacated the judgment of conviction, and remanded the case.

The State timely appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.* Thus, the appellate courts do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id.*

## III.

## ANALYSIS

The State raises two issues on appeal. First, the State argues the district court erred when it reversed the magistrate's ruling excluding inadmissible hearsay from Chavez's criminal trial. Second, the State argues the district court erred when it reversed the magistrate's ruling precluding Chavez from testifying that his friend was present at the ALS hearing.

4

**A.      The District Court Did Not Err When It Reversed the Magistrate's Decision to Exclude Hearsay at Chavez's Trial**

On appeal, the two parties disagree on whether the district court correctly reversed the magistrate's decision to exclude the ALS hearing transcript. The issue concerns the admissibility of evidence, and whether the ALS hearing transcript was admissible under I.R.E. 804(b)(1). Hearsay is defined as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. I.R.E. 801(c); *State v. Gomez*, 126 Idaho 700, 704, 889 P.2d 729, 733 (Ct. App. 1994). Hearsay is inadmissible unless otherwise provided by an exception in the Idaho Rules of Evidence or other rules of the Idaho Supreme Court. I.R.E. 802. One such exception involves former testimony from an unavailable witness. I.R.E. 804(b)(1). Idaho Rule of Evidence 804(b)(1) states that the following is not excluded by the hearsay rule:

> Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

In this case, the parties agree that Chavez's friend was unavailable at trial. In finding the ALS testimony inadmissible, the magistrate held: "And so for that testimony to come in, there would have had to have been cross-examination. There wasn't here." The district court determined the record was insufficient to find the magistrate applied the correct legal principles. Additionally, insofar as the magistrate focused on cross-examination, the district court determined the magistrate abused its discretion. The district court explained the correct legal standard did not depend on whether there was actual cross-examination, but rather, whether there was an opportunity at the ALS hearing to develop the testimony of Chavez's friend. The district court further concluded that it could not determine the issue as a matter of law because "[w]hether the ALS hearing testimony satisfied the necessary factors to fall within the hearsay exception are issues of fact that must be weighed and considered by the trial court in making its evidentiary ruling."

On appeal, the State claims that as the prosecutorial branch of the State it was not a party in the ALS hearing. The State also asserts it did not have an opportunity to cross-examine Chavez's friend in the ALS hearing, as required by I.R.E. 804(b)(1). The State summarizes the

district court's holding as follows: "The district court on intermediate appeal determined that the state had an opportunity to cross-examine [Chavez's friend] because 'there is no question the *hearing officer* had such an opportunity.'"

The State focuses on the words "cross-examine" and criticizes what it perceives as a district court ruling that "the state had an opportunity to cross-examine [Chavez's friend]." However, the district court never determined the State actually cross-examined Chavez's friend or had the opportunity to cross-examine Chavez's friend at trial. Rather, the district court's decision explained:

> Rule 804(b)(1), IRE allows for the admission of former testimony "if the party against whom the testimony is offered . . . had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination". [sic] Accordingly, actual cross-examination is not the critical factor. Rather, in this case, the issue is whether there was an opportunity at the ALS hearing to develop [Chavez's friend's] testimony under oath. Under the applicable law, there is no question the hearing officer had such an opportunity.

In this holding, the "opportunity" discussed by the district court referred to *developing testimony under oath*, and not *cross-examination*. Testimony may be developed in ways other than cross-examination. The district court stated that the hearing officer had an examination opportunity, no more.

The State also argues the district court erred because the court allegedly held "the hearing officer was a representative of the state in the same manner as a prosecutor in a criminal case." However, the district court did not hold--as the State argues--that the hearing officer was a representative of the state in the same manner as a prosecutor in a criminal case. The district court stated:

> It may be that the trial court was more concerned about the status of the hearing officer in the ALS hearing filling the same shoes as the prosecutor in the criminal trial. In other words, was it sufficient that the hearing officer was a representative of the state in the same manner as a prosecutor in a criminal case--were the issues substantially similar, etc.?

The district court did not find the hearing officer was a representative of the State. Instead, it appears the district court was identifying the types of factual determinations that the magistrate needed to make in order to decide the evidentiary issue; for example, whether the hearing officer in an ALS hearing is the same party as the State acting in a prosecutorial role. In essence, the district court was trying to provide guidance to the magistrate upon remand. This is supported

by the remainder of the district court's opinion, which provided several pages of case law to assist the magistrate in understanding the requirements of I.R.E. 804(b)(1).

Upon further review of the district court's decision, we determine there was no error. First, the district court concluded the magistrate used the incorrect legal standard. The magistrate held there must be an actual exchange of questions to qualify as cross-examination under I.R.E. 804(b)(1). The district court held that it is the opportunity for cross-examination, not the actual cross-examination, that is the correct legal standard in considering the admissibility of evidence. The district court is correct on that issue.

Second, the district court held that the magistrate did not provide sufficient factual findings in the case for the district court to adequately review the magistrate's legal conclusions. Because the magistrate determined no questioning occurred, it did not address other issues such as whether the State was a party in the ALS hearing, whether the hearing officer had an opportunity to develop the testimony of Chavez's friend, and whether the hearing officer had a similar motive to develop this testimony; all of which must initially be determined by the magistrate. As a result, the district court did not err when it held that the question of the ALS hearing testimony concerned issues of fact that must be considered and decided by the magistrate.[1]

**B.      The District Court Did Not Err When It Reversed the Magistrate's Decision to Exclude Evidence That Chavez's Friend Was Present at the ALS Hearing**

On appeal, the State asserts there was no evidence the magistrate abused its discretion when it precluded testimony that Chavez's friend was at the ALS hearing. Chavez responds the district court correctly ruled that the magistrate abused its discretion by failing to conduct the proper legal and factual analysis.

After the magistrate excluded the ALS hearing transcript, Chavez sought to admit more general testimony that an ALS hearing occurred and that Chavez's friend testified at that hearing. Specifically, as a way to show that Chavez's friend existed, Chavez asked the magistrate if he could simply explain: "You had a hearing. This individual showed up. He testified." The magistrate denied the request, stating the defendant was using this strategy as a "backdoor" way to offer the excluded testimony from the ALS hearing.

---

[1]      We intimate no conclusion as to the admissibility of the ALS hearing testimony, since the factual findings necessary to apply the evidentiary rules are yet to be made.

On intermediate appeal, the district court reversed the magistrate's decision. The district court held: "The concern about [Chavez's friend's] hearing testimony, previously ruled inadmissible, was not a proper basis for excluding testimony limited to the fact that [Chavez's friend] appeared at the hearing." There was no error in the district court's decision to reverse the magistrate's evidentiary holding.[2]

## IV.

## CONCLUSION

The magistrate applied an incorrect standard and did not make the necessary findings of fact in excluding the transcript from the ALS hearing and precluding testimony regarding Chavez's friend's presence at the ALS hearing. The district court reversed the magistrate's rulings, vacated the judgment of conviction, and remanded the case. We affirm the decision of the district court.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR**.

---

[2]     We note that the State does not object to the testimony limited to the fact of Chavez's friend appearing at the ALS hearing, but does object to any testimony regarding the content of the testimony.