**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45414**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: July 9, 2018** |
| | ) | |
| v. | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| WILLIAM PATRICK DOUGHERTY, III, | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Gregory Fitzmaurice, District Judge. Hon. Scott L. Wayman, Magistrate.

Judgment of the district court, on intermediate appeal from the magistrate court, affirming judgment for resisting and obstructing an officer, <u>affirmed</u>.

Daniel G. Cooper, Coeur d'Alene, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

William Patrick Dougherty, III, appeals from the district court's intermediate appellate decision affirming his conviction for resisting and obstructing an officer.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Dougherty was cited for resisting and obstructing an officer, failure to carry a driver's license, possession of an open container, and possession of drug paraphernalia, as a result of a traffic stop in which he was the driver and sole occupant of the vehicle. The State dismissed the driver's license charge and filed a complaint for obstructing, resisting and/or delaying an officer, possession of an open container, possession of paraphernalia, and possession of marijuana. The

1

complaint was subsequently amended to only include the charge of obstructing and/or delaying an officer, Idaho Code § 18-705.

Dougherty was found guilty of the charge by a jury, and the trial court entered a judgment of conviction for delaying or obstructing an officer. Dougherty timely appealed to the district court which upheld his conviction. Pertinent to the current appeal, the district court held the magistrate did not err in providing Jury Instruction No. 12, which relates to a motorist's duty to carry a driver's license and surrender it to a peace officer upon demand. Dougherty timely filed a notice of appeal from the district court's appellate decision.

## II.

## ANALYSIS

Dougherty appeals from the district court's intermediate appellate decision affirming his conviction. For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.* Thus, the appellate courts do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id.*

Dougherty requests that this Court vacate his conviction based on his assertion the magistrate's jury instructions erroneously misled the jury. Whether a jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993).

At trial, the trooper testified that he conducted the traffic stop for an improper lane change and seatbelt violation. He approached Dougherty's vehicle and explained the reason for the stop and asked for Dougherty's driver's license, registration, and insurance. Dougherty

2

replied that he did not want to incriminate himself. The trooper told Dougherty that he did not have to make any response regarding the reason for the stop and again asked for the documents. Dougherty responded that it would be a violation of his Fifth Amendment right. The trooper requested a cover officer due to Dougherty being verbally uncooperative. While they were waiting for the cover officer, the two continued a verbal dialogue and the trooper again asked Dougherty for the documents. At no time did Dougherty reach for his license, registration, or insurance. After the cover officer arrived, Dougherty was arrested. Dougherty also testified and explained that he could not give the trooper the license because he did not have it with him.

The charge of resisting and obstructing an officer of which Dougherty was convicted is defined by I.C. § 18-705 as follows: "Every person who wilfully resists, delays or obstructs any public officer, in the discharge, or attempt to discharge, of any duty of his office . . . ." The jury was provided the pattern instruction for this law, Idaho Criminal Jury Instruction 1260. As modified for this case, Instruction No. 9 provided:

> In order for the defendant to be guilty of Delaying or Obstructing an Officer, the state must prove each of the following:
> 1. On or about April 28, 2015
> 2. in the state of Idaho
> 3. the defendant William Dougherty willfully
> 4. delayed or obstructed
> 5. Trooper [], a public officer,
> 6. in the discharge, or attempt to discharge, any duty of Trooper []'s office.
>
> If any of the above has not been proven beyond a reasonable doubt, you must find the defendant not guilty. If each of the above has been proven beyond a reasonable doubt, then you must find the defendant guilty.

The State had the burden of proving the request for Dougherty's license, registration, and insurance was an attempt to perform or was a performance of an official duty. The district court included Instruction No. 12, which is at issue, to assist the jury in its determination of this requirement:

> Every licensee shall have his driver's license in his immediate possession at all times when operating a motor vehicle and shall, upon demand, surrender the driver's license into the hands of a peace officer for his inspection. However, no person charged with a violation of the provisions of this section shall be convicted if a driver's license issued to the person and valid at the time of his arrest is produced in court.

3

This is the language of I.C. § 49-316, which requires a motorist to carry a license and surrender it to a peace officer upon demand. The instruction is a true statement of the law, and it clearly demonstrates the trooper was legally authorized to demand to see Dougherty's license. Dougherty asserts it is not material or applicable to his case and misleads the jury. Specifically, Dougherty contends that the instruction permitted the jury to find him guilty of obstruction if the jury found Dougherty's failure to produce his license was due to the license not being in his possession, irrespective of whether his conduct amounted to willful refusal to produce it. However, this argument disregards the fact that the jury was also given Instruction No. 5, which specifies, "To constitute the offense charged against the defendant, there must be a joint operation of act or conduct *and criminal intent*." (Emphasis added.) Thus, the jury could not have found Dougherty guilty of obstruction solely by his failure to produce his license because it was not in his possession, the jury needed to also find he had criminal intent to delay or obstruct the trooper. Additionally, Instruction No. 9 specifically provides that the State was required to prove Dougherty "willfully" delayed or obstructed the trooper; therefore, he could not have been convicted of the charged offense merely as a consequence of violating his duty to carry a license and provide it upon demand.

The district court held, "As a whole, the Instructions fairly and accurately reflected the law. Even if the Instruction was given in error, Dougherty has not shown that the Instruction prevented him from having a fair trial. The Magistrate did not err by giving the instruction." We agree. Accordingly, Dougherty's conviction for delaying and obstructing an officer is affirmed.

## III.

## CONCLUSION

Dougherty failed to show the magistrate's jury instructions erroneously misled the jury. Therefore, we affirm the district court's intermediate appellate decision affirming Dougherty's conviction for resisting and obstructing officers.

Judge HUSKEY and Judge LORELLO **CONCUR**.