# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44338

| | |
|---|---|
| STATE OF IDAHO, | ) 2018 Unpublished Opinion No. 318 |
| | ) |
| Plaintiff-Respondent, | ) Filed: January 9, 2018 |
| | ) |
| v. | ) Karel A. Lehrman, Clerk |
| | ) |
| DAVID LYNN STEWART, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. D. Duff McKee, District Judge; Hon. John Meienhofer, Magistrate.

Order of the district court, on intermediate appeal from the magistrate, affirming denial of motion to suppress, <u>reversed</u> and <u>case remanded</u>.

Robyn A. Fyffe, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

David Lynn Stewart appeals from the district court's intermediate appellate decision affirming the magistrate's order denying Stewart's motion to suppress evidence obtained during an investigation for driving under the influence (DUI). For the reasons set forth below, we reverse and remand.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Stewart was driving on a residential street with no posted speed limit when an officer instigated a traffic stop of Stewart's vehicle for traveling 26 miles per hour (mph) in an area which the officer believed had a 20 mph speed limit. In effectuating the stop, the officer relied on a repealed 1966 ordinance, which set a 20 mph default speed limit in the city, unless

1

otherwise posted. This default limit differed from the statutory default speed limit of 35 mph, and the only signs which would have notified Stewart of the default speed limit where he was stopped were located on the outskirts of town and were noncompliant with statutory requirements and federal regulation.[1] Idaho Code §§ 49-654(2), 49-209(3)-(4). The stop developed into a DUI inquiry, and Stewart was charged with DUI (second offense).

Stewart filed a motion to suppress the evidence produced after the traffic stop, contending the officer lacked reasonable suspicion for the stop. At trial, the magistrate found the officer mistakenly believed that the default speed limit of 20 mph applied at the time of the stop. However, the magistrate found that the mistake was a reasonable mistake of law. The magistrate then concluded a reasonable mistake of law could justify an investigatory stop under *Heien v. North Carolina*, ___ U.S. ___, ___, 135 S. Ct. 530, 540 (2014). In addition, the magistrate determined that, in this circumstance and as interpreted by *Heien*, the Idaho Constitution does not afford greater protection than the United States Constitution. Stewart entered a conditional guilty plea, preserving his right to appeal the magistrate's order denying the motion to suppress. Judgment was entered, and Stewart timely appealed to the district court.

The district court affirmed the magistrate's denial of Stewart's suppression motion on the grounds that the officer was entitled to rely upon the existence of the repealed city ordinance. Further, the court determined that while the ordinance was potentially unenforceable, it was nonetheless a reasonable mistake of law that could justify the stop. In reaching its decision, the district court relied on *Michigan v. DeFillippo*, 443 U.S. 31, 40 (1979), concluding an officer is entitled to rely on the validity of an existing ordinance that is later found invalid or otherwise unenforceable.[2] Stewart timely appealed.

The State filed a motion to stay the appeal in this case until resolution of the State's petition to the Idaho Supreme Court for review of this Court's decision in *State v. Pettit*, ___ Idaho ___, 406 P.3d 370 (Ct. App. 2017). In the State's motion, it argued the legal validity of Stewart's stop was dependent on whether the Idaho Court of Appeals holding in *Pettit* remained

---

[1]     An ordinance replacing the 1966 ordinance was in place at the time. Nonetheless, the required signage did not comply with law.

[2]     In the present case, it is irrelevant that, in deciding the question of whether Idaho's exclusionary rule contains a good faith exception, the district court relied on *DeFillippo* and the magistrate relied on *Heien* because, as explained below, the court's holding in *Pettit* rejected both grounds for supporting such an exception.

intact. We granted the State's motion to stay, and the Idaho Supreme Court denied the petition for review of *Pettit*.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.* Thus, the appellate courts do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id.*

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

On appeal, Stewart argues the district court erred in affirming the magistrate's conclusion that the officer's mistake regarding the speed limit could justify Stewart's detention. In the State's motion to stay, the State conceded that if the holding in *Pettit* survived, then evidence of Stewart's offense would be subject to suppression on independent state constitutional grounds.

In *Pettit*, the defendant did not signal before curving right at an intersection. *Id.* at ___, 406 P.3d at 372. An officer observed this maneuver and initiated a traffic stop for failing to

signal. *Id.* The traffic stop developed into a DUI investigation, and the defendant was charged with DUI (second offense) and driving without privileges. *Id.* The defendant moved to suppress, maintaining that Idaho Code § 49-808(1) did not require him to signal at the intersection, and therefore the officer did not have reasonable suspicion to stop the defendant's vehicle. *Id.* The magistrate granted the defendant's motion, finding the statute did not require a signal and the officer's mistake regarding the signal requirements was not reasonable because the statute was unambiguous. *Id.* The district court affirmed the magistrate's decision on the same grounds. *Id.*

On appeal, the State argued Idaho should adopt the United States Supreme Court's holdings in *Heien* and *DeFillippo*, narrowing Idaho's exclusionary rule to provide for a good faith mistake of law. *Id.* at ___, 406 P.3d at 375-76. This Court explicitly rejected *Heien* and *DeFillippo* and held that the Idaho Constitution does not contain a good faith exception for an officer's mistake of law, even if reasonably objective. *Id.* at ___, 406 P.3d at 376. In reaching its decision, this Court noted that the Idaho Supreme Court intentionally and consciously made a break from the United States Supreme Court determining that Article I, Section 17, of the Idaho Constitution, a provision substantially similar but not identical to the Fourth Amendment, would not be limited by a good faith exception. *Id.* at ___, 406 P.3d at 375; *State v. Guzman*, 122 Idaho 981, 993, 842 P.2d 660, 672 (1992). Twenty years later, the Idaho Supreme Court affirmed this divergence and reiterated that the Idaho Constitution provides greater protection than the United States Supreme Court's interpretation of the Fourth Amendment. *Pettit*, ___ Idaho at ___, 406 P.3d at 346; *State v. Koivu*, 152 Idaho 511, 516, 272 P.3d 483, 488 (2012).

Applying the constitutional principles articulated by the Idaho Supreme Court in *Guzman* and *Koivu* and reiterated in by this Court in *Pettit*, we conclude the district court erred in affirming the magistrate's denial of Stewart's suppression motion. Because the officer's mistake that Stewart was driving contrary to the speed limit, while potentially objectively reasonable, did not provide reasonable suspicion to stop Stewart, any evidence produced as a result required suppression.

## IV.

## CONCLUSION

The Idaho Constitution does not provide for an officer's good faith mistake of law. Therefore, the evidence obtained as a result of the stop requires suppression. Accordingly, we reverse the district court's order and remand the case for further proceedings in accordance with this opinion.

Chief Judge GRATTON and Judge HUSKEY **CONCUR**.