## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 48529

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: February 9, 2022 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| MIRSAD HAJRO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Gerald F. Schroeder, District Judge; Hon. Michael J. Oths, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate court, affirming judgment of conviction for extended parking, affirmed.

Mirsad Hajro, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

BRAILSFORD, Judge

Mirsad Hajro appeals pro se from the district court's decision on intermediate appeal affirming the magistrate court's judgment of conviction for extended parking. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 18, 2019, City of Boise Parking Compliance Officer Langlands determined a van had been parked on North Christine Street in Boise for "over 72 hours." As a result, he issued a citation imposing a $30 penalty for a violation of Boise City Code 6-10A-11. That provision provides that "no person shall park a vehicle upon any street, alley or public property for a period of seventy-two (72) hours or longer unless specifically allowed by permit." Hajro, who is the registered owner of the cited van, contested the citation.

1

In February 2020, the case proceeded to a bench trial before the magistrate court. Hajro appeared and represented himself pro se. At the trial, Officer Langlands testified. During his testimony, the State admitted photographs that Officer Langlands took of the van on November 13 and on November 18, 2019. According to Officer Langlands, these photographs show the van had not moved for more than seventy-two hours based on a yellow chalk mark Officer Langlands had placed on the van's tire, which had not moved, and the identical placement of a leaf in both photographs. Officer Langlands explained the first photograph had a timestamp because he took it with his phone, which has a timestamp program. He took the second photograph, however, with a Boise City program for issuing parking citations, which does not timestamp photos.

Hajro also testified at trial. His testimony included that the parking limitation was not posted; there was "no way to prove" the photographs of his van were taken at different times; he "abide[s] by the city rules and the codes"; and his "driver's record is completely clear." The magistrate court concluded that Boise City Code 6-10A-11 is a "default" provision, which limits parking to seventy-two hours unless otherwise posted. Further, the court found the "photos were clearly taken at a different time." Accordingly, the court concluded the State had proven its case.

Hajro appealed to the district court, which heard oral argument before issuing a written decision. Although the court noted Hajro failed to identify the issues he raised on appeal, the court concluded those issues included that the State did not meet evidentiary standards and failed to carry its burden and that the evidence was insufficient to support Hajro's conviction. The court also noted it was not required to address Hajro's issues because his appellate brief lacked legal authority and argument. Regardless, the court addressed the issues and ruled that Officer Langlands testified he took the photographs on two different dates; no evidence showed "the time and date on the evidence had been altered or was not accurate"; and substantial and competent evidence supported the magistrate court's findings.

Hajro timely appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, we review the magistrate court record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether

the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

## III.

## ANALYSIS

The gist of Hajro's appellate challenge is that the State failed to prove Hajro's van was parked on the street for more than seventy-two hours. Hajro, however, has failed to support this challenge with any citation to legal authority or any cogent argument. Generally, a party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). This rule applies even though Hajro is proceeding pro se. *See State v. Davis*, 165 Idaho 709, 713, 451 P.3d 422, 426 (2019) (noting pro se litigants are held to same standards as litigants represented by attorney).

Regardless, we hold that substantial and competent evidence supports the magistrate court's conclusion that Hajro violated Boise City Code 6-10A-11. Specifically, Officer Langlands testified that he "was actually at that location" on North Christine Street where the van was parked; the van had been parked "[o]ver 72 hours" on the street; he took photographs of the van on November 13 and on November 18, 2019; and the second photograph showed "the same exact vehicle parked in the same exact spot" on both days. Indeed, a review of the photographs shows the yellow chalk mark on the van's front left wheel is in the exact same position in both photographs and supports the finding the van had not moved between the time Officer Langland took the first photograph on November 13 and when he took the second photograph on November 18.

The only challenge Hajro raises to any of this evidence is his contention that the photographs were inadmissible under the Idaho Rules of Evidence. Hajro, however, fails to cite any particular evidentiary rule precluding the photographs' admission into evidence. Although Hajro does state the photographs do not have "consistency nor automated time and date stamp" and that "time and date are hand altered," Officer Langlands explained the difference between the photographs' markings in his testimony, i.e., that he took the photographs using different

3

programs. The magistrate court implicitly found this explanation to be credible when it relied on the photographs in its ruling. This Court will not substitute its view for the magistrate court's credibility determinations. *State v. Flowers*, 131 Idaho 205, 207, 953 P.2d 645, 647 (Ct. App. 1998).

On appeal, Hajro makes numerous inchoate challenges. These challenges include, for example, that Officer Langlands did not issue a "warning ticket" and was unaware of "warning tickets." The citation issued did not identify a "complaining" party. The City inconsistently places parking signage, did not post any signage limiting parking on North Christine Street, and does not educate the public and drivers about unposted parking limits. The City discriminates in the application of its parking limits because a warning ticket was not issued and because vehicles parked on the same street "in the opposite direction" were not cited. The citation did not identify a rule or ordinance violated,[1] and the intermediate appellate court did not cite an "ordinance about spacing and posting signs." Hajro fails, however, to cite any legal authority or make any cogent argument in support of these various challenges. Accordingly, we decline to address them. *See Zichko*, 129 Idaho at 263, 923 P.2d at 970 (ruling party waives appellate issue if either authority or argument is lacking).

## IV.

## CONCLUSION

We hold that substantial and competent evidence supports the magistrate court's findings of fact, and the magistrate court's conclusions of law follow from those findings. Accordingly, we affirm the district court's decision on intermediate appeal affirming the magistrate court's judgment.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.

---

[1]     Contrary to this argument, the citation in the record specifically cites Boise City Code 5-10A-1.