# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 48761

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

GARET LYLE BERNARD,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: May 26, 2022

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Davis F. VanderVelde, District Judge; Hon. Shane Darrington, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate court, affirming denial of motion to suppress, <u>affirmed</u>.

Fyffe Law, LLC; Robyn A. Fyffe, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

BRAILSFORD, Judge

Garet Lyle Bernard appeals from the decision of the district court, on intermediate appeal from the magistrate court, affirming the denial of his motion to suppress. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

While patrolling around midnight in Nampa, Officer Tucker observed a pickup, driven by Bernard, traveling at approximately 35 mph after the speed limit increased to 45 mph. Noticing the pickup was traveling under the speed limit, the officer activated his dash camera to record the driving pattern. Officer Tucker noticed the pickup slightly drifting side to side within the lane of travel, and at one point, the pickup's passenger-side tires crossed onto the dashed line dividing the lanes of travel. Although Officer Tucker found the driving pattern noticeable, he decided he

1

did not have "a reason to stop [the pickup] at that moment," and he deactivated his dash camera but continued following the pickup.

Shortly thereafter, the pickup rounded a curve in the road, and Officer Tucker observed the pickup's driver-side tires cross over a solid yellow line into the center turn lane for approximately fifteen feet. Officer Tucker believed crossing the yellow line to be an "actual offense" under Idaho law, and based on that observation, "coupled with the pattern," he initiated a traffic stop. Officer Tucker contacted Bernard, smelled alcohol, observed additional signs of impairment, and ultimately arrested him for driving under the influence (DUI).

The State charged Bernard with misdemeanor DUI, Idaho Code § 18-8004(1)(a), and Bernard filed a motion to suppress, arguing Officer Tucker lacked reasonable suspicion to stop Bernard. At the suppression hearing, Officer Tucker and Bernard testified. Additionally, the video from Officer Tucker's dash camera and a drawing of the area of the traffic stop were admitted into evidence. At the conclusion of the hearing, the magistrate court denied Bernard's motion. The court noted that Officer Tucker testified Bernard's driving pattern "was not within . . . the broad range of normal driving behavior" and that this behavior included traveling ten miles under the speed limit, slightly drifting within the lane, "touching the center white line," and "cross[ing] the yellow line." Based on these facts, the court concluded "under the totality of circumstances analysis [Bernard] had given [Officer Tucker] reasonable and articulable suspicion to effectuate the stop."

Following this ruling, Bernard conditionally pled guilty to DUI and reserved his right to appeal the denial of his suppression motion. On intermediate appeal to the district court, Bernard argued that crossing the solid yellow line into the center turn lane was not a violation of I.C. § 49-637[1] and that his driving pattern did not establish a reasonable suspicion he was driving under the influence. The district court ruled that the magistrate court never concluded Bernard had violated I.C. § 49-637 and declined to consider Bernard's argument that he did not violate this provision. Further, the district court ruled "Bernard's driving pattern, when taken as a whole, provided reasonable, articulable suspicion for the stop."

---

[1]     Idaho Code § 49-637 provides in part that "a vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from that lane until the driver has first ascertained that the movement can be made with safety." I.C. § 49-637(1).

Bernard timely appeals the district court's order affirming the magistrate court's denial of his suppression motion.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, we review the magistrate court record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefore, and either affirm or reverse the district court.

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Bernard challenges the conclusion that Officer Tucker had reasonable suspicion for the traffic stop. A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). Specifically, the Idaho Supreme Court has

identified two possible justifications for a traffic stop: (1) the officer has a reasonable, articulable suspicion that the driver has committed an offense, such as a traffic offense, or (2) the officer has a reasonable, articulable suspicion that the driver is engaged in other criminal activity, such as driving under the influence. *State v. Fuller*, 163 Idaho 585, 588, 416 P.3d 957, 960 (2018); *State v. Neal*, 159 Idaho 439, 442, 362 P.3d 514, 517 (2015).

The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id.* An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

A driving pattern may give rise to a reasonable suspicion of DUI where the pattern is not within the broad range of normal driving behavior. *Neal*, 159 Idaho at 443, 362 P.3d at 518. This Court has previously ruled that a driving pattern "was not within the range of normal driving behavior and was an objective indication that the driver was impaired" even though the "vehicle never entirely left its lane of travel." *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. For example, in *Atkinson*, the Court ruled that a driving pattern was not within the range of normal driving behavior where at 11:45 p.m. on a Friday, an officer observed a vehicle twice "veer to the left and touch or cross the center line" and "swerve[] back across the lane of travel and touch[] the fog line." *Id.* Similarly, in *Flowers*, 131 Idaho at 206-07, 953 P.2d at 646-47, at 12:42 a.m. an officer observed a vehicle going approximately 10 mph under the speed limit, weaving within its lane of traffic, hugging the fog line, crossing the fog line by a tire's width once, and touching the center line once or twice. Based on this driving pattern, this Court concluded that these observations supported reasonable suspicion the driver was intoxicated and justified an investigatory stop. *Id.* at 209, 953 P.2d at 649.

As in *Flowers* and *Atkinson*, the totality of circumstances Officer Tucker observed gave rise to the reasonable suspicion that Bernard was driving under the influence. Officer Tucker testified that Bernard's driving pattern "was noticeable to the point where it seemed different than what I regularly observe." Specifically, Officer Tucker observed Bernard's pickup traveling approximately 10 mph under the speed limit in "a high-speed area," drifting from side to side

4

within the lane, touching the center white line dividing the lanes, and crossing the solid yellow line into a turn lane. Based on these observations, we conclude Officer Tucker had reasonable suspicion that Bernard was driving under the influence.

We disagree with Bernard's argument on appeal that the magistrate court "erroneously equated [Officer Tucker's] testimony that [Bernard's] low speed was sufficiently outside the range of normal to catch his attention with the conclusion that [Bernard's] overall driving pattern fell outside the broad range of normal driving behavior" and that Officer Tucker "expressly testified to the contrary." Although Officer Tucker testified that, after observing the pickup drifting and traveling under the speed limit, he did not believe he had "a reason to stop [the pickup] at that moment," he concluded he did have reasonable suspicion later after the pickup crossed the yellow center line. During the suppression hearing, Bernard's counsel inquired about Bernard's overall driving pattern, "I mean, it looks like pretty normal driving, right?" In response, Officer Tucker testified, "I follow a lot of cars. It was noticeable to the point where it seemed different than what I regularly observed." Contrary to Bernard's suggestion on appeal, this testimony was not limited only to Officer Tucker's observation of the pickup traveling under the speed limit. Based on this and other testimony, substantial evidence supports the magistrate court's conclusion that Officer Tucker had reasonable suspicion to initiate the traffic stop.

Bernard also argues he did not violate I.C. § 49-637(1) "when his tires briefly crossed into the center turning lane." During the suppression hearing, Officer Tucker testified that he observed Bernard "cross[] the double yellow or the yellow dashed dividing line into the center turn lane"; he believed this conduct was "an actual offense of Idaho [C]ode"; and he stopped Bernard based on that offense "coupled with [Bernard's driving] pattern." Addressing Officer Tucker's testimony that he believed Bernard committed an actual traffic offense, the magistrate court stated:

> Since the officer didn't tell me what he believed that ordinance to be, I can't make a factual finding that [Bernard] did, in fact, violate the ordinance because I don't know which ordinance he's talking about. I assume that that is Idaho Code 49-637. But, again, he didn't tell me that so I don't know that. So I feel like my ruling must be based on the totality of the circumstances to constitute reasonable and articulable suspicion rather than on violation of a specific statute.

Despite the magistrate court's express statement that it could not rule whether Bernard violated I.C. § 49-637, he argues on appeal that he did not violate I.C. § 49-637(1). This Court will not review an appellant's assignment of error unless the record discloses an adverse ruling

5

forming the basis for the claim. *State v. Huntsman*, 146 Idaho 580, 585, 199 P.3d 155, 160 (Ct. App. 2008); *State v. Dougherty*, 142 Idaho 1, 6, 121 P.3d 416, 421 (Ct. App. 2005). Accordingly, we decline to address this argument and conclude the district court, likewise, correctly declined to rule on the issue.

## IV.

## CONCLUSION

Substantial evidence supports the magistrate court's conclusion that Officer Tucker had reasonable suspicion for the traffic stop. Accordingly, we affirm the decision of the district court affirming the magistrate court's denial of Bernard's suppression motion.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.

6